IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-02291-LTB-BNB

RICH FLOORS, LLC, and
DAVID SERVICK,

       Plaintiffs,

v.

JAYLON, INC., an Illinois corporation,
THORNTON LLC,

       Defendants,

v.

SUZANNE BLAIR,

       Third-Party Defendant.

_____

ORDER
_____

This matter is before me on Motion to Motion to Alter or Amend Judgment, Pursuant to Fed. R. Civ. P. 59(e). [**Doc #76**] Also before me is a Motion for Attorney Fees and Costs filed by Defendants, Jaylon, Inc. and Thornton LLC. [**Doc # 78**] To the extent that these motions relate to Plaintiff David Servick and Third-Party Defendant Suzanne Blair, I note that this action is stayed as to those parties pursuant to the Notice of Automatic Stay from the United States Bankruptcy Court, District of Colorado, Case No. 10-24237-HRT, dated June 7, 2010. As such, I rule on these motions solely as related to Plaintiff Rich Floors, LLC.

Oral arguments would not materially assist me in the determination of these motions. After consideration of the parties' briefs and exhibits, and for the reason stated, I DENY the

Motion to Alter or Amend, and I GRANT the Motion for Attorney Fees and AWARD Defendants $ 122,342.00 in attorney fees and $ 8,556.62 in costs to be assessed against Plaintiff Rich Floors, LLC.

## I.  BACKGROUND

In January 2004, Plaintiff Rich Floors entered into an agreement to lease commercial space at the Thornton Shopping Center for its flooring business.  The obligations under the lease were personally guaranteed by Plaintiff Servick and Third-Party Defendant Blair.  After signing the lease, Rich Floors began to operate a U-Haul business out of the premises in September of 2004.  Thereafter, on or about May 9, 2005, Defendant Thornton LLC purchased the Thornton Shopping Center from the prior owner.

Beginning in November of 2005, the parties began disagreeing about where Rich Floors should park its U-Haul vehicles.  After several months of discussing the issue, Defendants sent a letter to Rich Floors indicating that it needed to execute an amendment to the lease related to the U-Haul business, or Thornton would tow the U-Haul vehicles.  Ultimately, on April 2, 2008, Thornton had three U-Haul vehicles towed from the shopping center.

Nine days later, the electric utilities to the premises were turned off by the supplier, XCel Energy.  Five days later, on April 16, 2008, Plaintiff Servick was injured after he tripped and fell on inventory while attempting to vacate the premises.  On May 12, 2008, Plaintiffs sent the keys to the premises to Defendants via counsel.

Plaintiffs filed this lawsuit on May 28, 2009, asserting a claim for constructive eviction and a claim for personal injury against Defendants.  In response, Defendants asserted counterclaims against Plaintiffs Rich Floors and Servick for breach of lease and indemnification,

2

and asserted breach of guaranty against Plaintiff Servick and Third-Party Defendant Blair.

On April 5, 2010, I ruled in favor of Defendants on their motion seeking summary judgment and, as a result, I dismissed Plaintiffs' complaint and their claims seeking relief for constructive eviction and for personal injuries. In addition, I granted Defendants' request seeking judgment on its counterclaims for breach of contract against Plaintiffs and breach of guaranty against Plaintiff Servick and Third-Party Defendant Blair. I also granted Defendants' request seeking judgment in its favor on its counterclaim for indemnification. As a result, final judgment entered in favor of Defendants on all of Plaintiffs' claims and in favor of Defendants against Plaintiff Rich Floors on their counterclaim for breach of lease.

## II. Motion to Alter or Amend

In this motion, Plaintiff Rich Floors requests that I alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e), on the basis that I have misapplied the law in this case and failed to address all of Plaintiff's arguments and authorities. Specifically, Plaintiff argues that:

1) I erred in applying the holding of *Vu, Inc. v. Pacific Ocean Marketplace, Inc.*, 36 P.3d 165, 167-68 (Colo. App. 2001) – in which a division of the Colorado Court of Appeals held that an alleged oral modification of a commercial lease could not be enforced against the subsequent landlord – to support my conclusion that Plaintiffs could not prove, as a matter of law, that the towing of the U-Haul vehicles constituted a constructive eviction;

2) I erred in rejecting Plaintiffs' argument that Defendants ratified the agreement with the prior landlord related to the permitted use of the premises for a U-Haul dealership – based on their notice of Plaintiffs' new use – because the anti-waiver clause of the lease foreclosed such argument;

3) I erred in concluding that Plaintiffs failed to identify sufficient evidence to establish a genuine issue of material fact as to whether Defendants acted intentionally in causing an interruption in utility services, and that I erred in failing to find that Defendants committed ongoing breach for their continued refusal to remedy the situation; and

4) I erred in awarding Defendants $23,240 for monies it paid for gas services provided to Plaintiffs, in that there is a genuine issue of material fact as to whether Defendants "inadvertently" paid for the services and, as such, they have waived their right to collect.

The Tenth Circuit recognizes only certain limited grounds for granting a Fed. R. Civ. P. 59(e) motion. In order to obtain relief under Rule 59(e), the movant must be able to show: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *See Sevants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000)(*citing Brumark Corp v. Samson Resources Corp,* 57 F.3d 941, 948 (10th Cir.1995)).

The arguments raised by Plaintiffs in this motion do not fall within any of these grounds; rather, the matters complained of here constitute "issues already addressed or advance arguments that could have been raised in prior briefing." *Chavez v. Board of Educ. of Tularosa Municipal Schools,* 614 F.Supp.2d 1184, 1221 (D.N.M. 2008)(*quoting Servants of Paraclete v. Does, supra*, 204 F.3d at 1012). Despite Plaintiffs' attempt to characterize it otherwise, this is not a case "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.; see also Chidester v. Astrue,* 2010 WL 1726893 (unpublished) (D. Utah 2010)("Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue an issue more persuasively that the court has already addressed, or where a movant tries to

4

take the proverbial second bite at the apple")(citations omitted). To the extent Plaintiffs disagree with my application of the law, such matters are for the Tenth Circuit Court of Appeals. *See Ohio Cas. Ins. Co. v. Cloud Nine, LLC,* 2007 WL 45823 (unpublished)(D.Utah 2007).

In addition to the claims of error asserted above, Plaintiffs also argue generally that I failed to address or discuss several of their arguments and related authority in my ruling. Specifically, they assert that I failed to address "certain" of their arguments, including the following:

> Defendants waived the alleged breach by anticipatory repudiation by accepting rent (Response Brief at P.37); even if there had been a repudiation, a lawful tenancy of some kind was subsequently established in the holdover period (*id*. at 38-41); and there is a factual question as to whether Defendants intended to perform their obligation to supply the premises with electric power irrespective of the alleged repudiation (*id*. at 37-8).

I determine that even if I were to agree that these specific arguments were properly raised and then overlooked, Plaintiffs provide me with no discussion or analysis as to how such alleged failure to address constitutes clear error or manifest injustice under Rule 59(e). As such, I deny Plaintiffs' motion seeking to alter or amend the judgment against them in this case. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)(ruling that a decision on a motion for reconsideration under Rule 59(e) is committed to the trial court's discretion).

### III. Motion for Attorney Fees

Also pending before me is an unopposed Motion for Attorney Fees, filed by Defendants, in which they seek an order granting them their attorneys fees in the sum of $122,342.00, and costs in the sum of $8,556.62, from Plaintiffs and Third-Party Defendant, jointly and severally, as provided for in the judgment. However, as noted above, this action is stayed as to Plaintiff

David Servick and Third-Party Defendant Suzanne Blair pursuant to the Notice of Automatic Stay from the United States Bankruptcy Court, District of Colorado. As a result, at this time an award of attorney fees and costs can only be assessed against Plaintiff Rich Floors.

Pursuant to the summary judgment order, Defendants' motion seeks its attorney fees in the amount of $122,342 .00, and costs in the amount of $8,855.62. At the time of filing the motion, the parties filed a Stipulation For Defendants' Bill of Costs, [**Doc #77**] pursuant to D.C.COLO.L.CivR 54.1, in which they stipulated and agreed to the full amount of the costs sought by Defendants. However, the motion indicates that Plaintiffs object to the amount of attorney fees sought. Directly following the filing of the motion, I entered a Minute Order in which I ordered that "Plaintiffs and Third-Party Defendant have up to and including May 25, 2010 to respond to Defendants Jaylon, Inc. and Thornton LLC'S Motion for Attorneys' Fees and Costs ...". [**Doc #80**] Plaintiffs did not file a response to this motion.

The starting point for any calculation of a reasonable attorneys fee is the "lodestar" analysis – that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996); *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983). Under this analysis, a court may adjust the lodestar up or down based on certain factors. *Ramos v. Lamm*, *supra*, 713 F.2d at 552-55. Generally, a party seeking an award of attorney fees and costs must demonstrate that the fees and costs they seek are reasonable. *Dewey v. Hewlett Packard Co.,* 2007 WL 707462 (unpublished)(D. Colo. 2007).

Defendants have submitted unchallenged evidence in support of their request for attorney fees. My review of this evidence – consisting of affidavits signed by Defendants' counsel and the attached supporting itemized invoices – reveals that Defendants have met their burden that the fees requested are reasonable under the circumstances. And, of course, Plaintiffs offer no evidence to contradict Defendants' assertion that the fees contained in the invoices were reasonable, or that hourly rates charged are not consistent with rates charged by similar attorneys with similar expertise and skill in the Denver metropolitan area. *See Hensley v. Eckerhart*, *supra*, 461 U.S. at 437 (ruling that the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates). As such, I find and conclude that, pursuant to a lodestar analysis, Defendants' attorney fees request is reasonable. *See Hartman v. Freedman*, 591 P.2d 1318, 1320 (Colo. 1979)(ruling that the determination of the reasonableness of attorney fees is a question of fact for the trial court and will not be disturbed on appeal unless patently erroneous and unsupported by the evidence).

Accordingly, I DENY Plaintiffs' Motion to Motion to Alter or Amend Judgment, Pursuant to Fed. R. Civ. P. 59(e), as it relates to Plaintiff Rich Floors, LLC. [**Doc #76**] In addition, I GRANT Defendants' Motion for Attorney Fees and Costs [**Doc # 78**] and, as a result, I ORDER that Plaintiff Rich Floors, LLC, SHALL PAY to counsel for Defendants the sum of $ 8,556.62 for stipulated costs and $ 122,342.00 for the reasonable attorney fees incurred in the

defense of Plaintiffs' claims against them, and to enforce their contractual rights in this matter, judgment to enter accordingly.

Dated: September   7  , 2010, in Denver, Colorado.

                                            BY THE COURT:

                                               s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE